# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **JENNIFER AULT** | ) | CASE NO. |
| 46021 Country Lake Drive | ) | |
| Saint Clairsville, Ohio 43950 | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE: |
| -vs- | ) | |
| | ) | |
| **THE HEALTH PLAN OF WEST** | ) | |
| **VIRGINIA, INC.** | ) | **PLAINTIFF'S COMPLAINT** |
| 11100 Main Street | ) | |
| Wheeling, West Virginia 26003 | ) | |
| | ) | |
| Defendant. | ) | **(JURY DEMAND ENDORSED** |
| | ) | **HEREON)** |

## PARTIES

1. Plaintiff Jennifer Ault hereinafter referred to as ("Plaintiff") is a citizen of the United States and resides in Belmont County, State of Ohio.

2. Defendant The Health Plan of West Virginia, Inc. ("Defendant") is a foreign corporation with its corporate headquarters located at 11100 Main Street, Wheeling West Virginia, 26003.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to Title 28, Section 1332 of the United States Code as the parties are completely diverse and the amount in controversy exceeds $75,000.

4. Plaintiff's claim is premised upon Sections 4112.02(L) and 4112.99 of the Ohio Revised Code prohibiting age discrimination.

5. Venue is proper pursuant to Title 28, Section 1391(b)(2) of the United States Code as the acts and/or omissions outlined in the claims alleged below occurred within the jurisdiction of this Court.

## FACTUAL BACKGROUND

6. Plaintiff was born on May 25, 1957 and is currently sixty-one (61) years of age.

7. Plaintiff was employed by Defendant for twenty-two (22) years.

8. Defendant is a community-based health maintenance organization providing health insurance products for its customers.

9. Plaintiff was hired by Defendant on August 19, 1996 as a Registered Nurse/Patient Care Coordinator.

10. In August 1997, Plaintiff was promoted to the position of Manager – Hospital Review.

11. In December 1998, Plaintiff was again promoted to the position of Director of Medical Management.

12. Plaintiff held this title for the remainder of her employment.

13. From August 1996 through June 2014, Phillip Wright ("Wright") was Defendant's President and Chief Executive Officer.

14. From August 1997 through February 2015, Plaintiff reported to Vice President of Operations and Governmental Programs Patti Fast.

15. During the course of her employment, Plaintiff was responsible for a number of successful accreditations under the National Committee for Quality Assurance.

16. During the course of her employment, Plaintiff received a number of performance evaluations rating her performance as either "exceeds job requirements" or "outstanding performance."

17. In July 2014, James Pennington ("Pennington") replaced Wright as the President and Chief Executive Officer.

18. Prior to Pennington's hire, Plaintiff had never received a write-up or any disciplinary action.

19. Upon Pennington's hire, Defendant began targeting Plaintiff by issuing bogus disciplinary reports in an effort to ultimately terminate Plaintiff's employment.

20. On December 8, 2014, Plaintiff was given an Employee Disciplinary Report for inappropriate conduct for allegedly raising her voice and acting in a disrespectful manner towards another employee.

21. Plaintiff was not provided any explanation regarding this Disciplinary Report.

22. The employee who precipitated the Disciplinary Report had just had her vacation request denied by Plaintiff due to the upcoming holiday and the amount of time requested was against departmental policy.

23. As a result of not being provided any explanation regarding the Disciplinary Report, Plaintiff provided Vice President of Human Resources Carla Bell ("Bell") with a rebuttal to the report.

24. Bell advised Plaintiff to "be careful with conversations around this particular employee."

25. In February 2015, John Fischer ("Fischer") was hired by Defendant as its Vice President of Clinical Services.

26. Fischer reported to Pennington. Plaintiff began reporting to Fischer.

27. On April 2, 2015, only two (2) months after becoming her supervisor, Fischer issued Plaintiff a Disciplinary Report for alleged improper conduct.

28. On April 3, 2015, Plaintiff submitted a rebuttal refuting the Disciplinary Report.

29. On or around November 2, 2015, Fischer began asking Plaintiff whether or not she had any plans to retire to which she replied that she did not have any retirement plans and enjoyed working for Defendant.

30. On or around June 24, 2016, Fischer again inquired into Plaintiff's plans for retirement.

31. On or around December 15, 2016, Fischer again raised the issue of retirement with Plaintiff and inquired into her plans after retirement.

32. On or around January 27, 2017, Fischer specifically asked Plaintiff "how much longer do you see yourself working for the Health Plan?" Plaintiff advised Fischer that she had no plans on retiring.

33. On or around December 12, 2017, Plaintiff had a meeting with Fischer during which he asked about her future plans to continue working for Defendant. Plaintiff again advised Fischer that she had no plans to retire.

34. On or around January 2018, Defendant promoted Susan Klinkoski ("Klinkoski") to the position of Assistant Director, Medical Management. Klinkoski is significantly younger and less qualified than Plaintiff.

35. On or around January 31, 2018, Fischer asked Plaintiff "where do you see yourself in the next five (5) years?" Plaintiff advised Fischer that she saw herself working for Defendant.

36. On March 23, 2018 Plaintiff received a performance evaluation with a rating of "exceeds requirements." Plaintiff's evaluation makes no mention of any previous conflicts with employees.

37. On March 26, 2018, during a meeting with Fischer to discuss staffing needs, Fischer told Plaintiff **"Gee Jen, you're old."**

38. On September 18, 2018, Plaintiff left for a scheduled vacation.

39. On September 27, 2018, two (2) days after returning from vacation, Plaintiff was called into a meeting with Bell and Pennington during which she was terminated for alleged improper conduct and violation of company rules of conduct.

40. On or around October 24, 2018, Defendant promoted Klinkoski to Plaintiff's previous position.

## CAUSE OF ACTION
(Age Discrimination in Violation O.R.C. 4112.02(L) and 4112.99)

41. Plaintiff incorporates by reference paragraphs 1-40 as if fully realleged herein.

42. At all relevant times hereto Plaintiff was over the age of forty (40) and a member of a protected class.

43. Throughout the course of her employment, Plaintiff successfully performed the duties and/or responsibilities of the positions she held.

44. On September 27, 2018, Defendant terminated Plaintiff's employment for alleged improper conduct and violation of company rules of conduct.

45. At the time of her termination, Plaintiff was qualified for the position she held.

46. Upon information and belief, Defendant has a pattern and practice of discriminating against older workers.

47. Defendant discriminated against Plaintiff on the basis of her age when it terminated her employment, replaced her with a significantly younger and less qualified individual, and refused to promote, transfer, rehire or recall her into other available positions for which she was qualified, in violation of Sections 4112.02(L) and 4112.99 of the Ohio Revised Code.

48. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will

continue to suffer economic and non-economic injuries, including but not limited to pain and suffering and the loss of salary, benefits and other privileges and conditions of employment for which Defendant is liable.

49. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages, and reasonable attorney's fees and costs.

## CONCLUSION

**WHEREFORE,** Plaintiff Jennifer Ault states that she seeks an amount in excess of $75,000 to fully, fairly, and justly compensate her for injury, damage and loss, and respectfully prays that this Court enter judgment in her favor and award her compensatory damages, back wages, interest, fringe benefits, witness fees and fees for experts, consequential damages, incidental damages, punitive damages, all costs and reasonable attorneys' fees, and grant such additional or alternative relief as the Court may determine to be just and equitable.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/ David A. Young*
DAVID A. YOUNG (0065551)
The Law Firm of David A. Young, LLC
The Hoyt Block Building
700 W. St. Clair Avenue, Ste. 316
Cleveland, Ohio 44113
PHONE (216) 621-5100
FAX (216) 621-7810
EMAIL: dyoung@davidyounglaw.com

Attorney for Plaintiff